IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| GARY RICHARDSON AND DOMONIQUE RICHARDSON, § § § | |
| Plaintiffs, § | |
| § | |
| v. § | Civil Action No. 4:22-cv-00068-O-BP |
| § | |
| U. S. BANK, NATIONAL ASSOCIATION AS TRUSTEE FOR THE BEAR STEARNS ASSET BACK SECURITIES TRUST 2004-2, ASSET BACKED CERTIFICATES, SERIES 2004-2, *et al.*, § § § § § § § | |
| Defendants. § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court are the Motion for Summary Judgment, Brief/Memorandum in Support, and Appendix in Support, filed by Defendant U. S. Bank, National Association as Trustee ("U. S. Bank") on August 19, 2022 (ECF Nos. 21, 22, and 23, respectively); the Response and Opposition to the Motion for Summary Judgment (ECF No. 26), filed by Plaintiffs Gary Richardson and Domonique Richardson ("the Richardsons") on September 12, 2022; and U.S. Bank's Reply and Objection to the Response/Objection (ECF Nos. 27, 28), filed on September 14, 2022.

After reviewing the pleadings and applicable legal authorities, the undersigned recommends that United States District Judge Reed O'Connor **GRANT** U. S. Bank's Motion for Summary Judgment and **DISMISS** this case **with prejudice**.

**I.   FACTUAL BACKGROUND**

The Richardsons filed this wrongful foreclosure case on June 1, 2020, in the 96th Judicial District Court of Tarrant County, Texas. ECF No. 1-5 at 1. On January 27, 2022, U. S. Bank

removed the case to this Court, and it was referred to the undersigned. ECF Nos. 1-1, 3. The allegations in the Richardsons' First Amended Complaint relate to foreclosure proceedings involving real property located at 7302 Paleon, Arlington, Texas 76002 ("the Property"). ECF No. 10.

On or about May 30, 2003, the Richardsons executed a promissory note ("Note") made payable to iMortgage Funding Corporation ("iMortgage") and its assigns. ECF No. 23-2 at 1-2. The Note required the Richardsons to pay the principal amount of $157,629.00, plus interest. *Id*. at 1. On the same day, an allonge to the note was executed under which the Note was endorsed to the order of U. S. Bank. ECF No. 23-2 at 3. The debt was secured the same day by a Deed of Trust that established a lien on the Property. ECF No. 23-3. The Richardsons defaulted on their October 2011 payment under the Note and all subsequent payments up until January 2020 (ECF No. 23-5 at 3), when the Property was sold at foreclosure. On December 16, 2019, U. S. Bank mailed the Richardsons a Notice of Acceleration and Posting to their last known address, but they never responded or paid the outstanding balance. ECF No. 23-6. Thus, the Richardsons defaulted on their payment obligations under the Note and Deed of Trust and remained in default until the foreclosure sale. On January 15, 2020, U. S. Bank, as substitute trustee appointed in 2003, oversaw the foreclosure sale, during which the Property was sold to DAKA Investments LLC ("Daka"). ECF No. 23-7 at 1-2.

The Richardsons filed suit against Daka and U. S. Bank on June 1, 2020, in state court. ECF No. 1-4. The court granted summary judgment in favor of Daka on all of the Richardsons' claims on January 19, 2022. ECF No. 1-51. U. S. Bank, however, was not served with process in the state court litigation until January 4, 2022. ECF No. 1-54. It filed its answer in the state court

on January 26, 2022 (ECF No. 1-54) and then removed the case to this Court on January 27, 2022, asserting Federal Question Jurisdiction. ECF No. 1.

In their First Amended Complaint , the Richardsons allege that they never defaulted on the Note or Deed of Trust because the Property that they purchased was not described in the conveyance documents prepared by the original seller. ECF No. 10 at 1. They also contend that the servicer falsely and fraudulently imposed charges for services that never were owed, overcharged for services that were rendered, and imposed charges and fees that were not owed. *Id.* at 2. All of these actions "fraudulently put [the Richardsons] into default of the mortgage [they] were otherwise timely paying." *Id*. at 2. The Richardsons claim that U. S. Bank collected payment insurance after their default, but it neither credited their account with the payment nor modified the loan agreement. *Id*. Finally, the Richardsons assert that even if the mortgage was not satisfied prior to the transfer, it still should have been barred because of *force majeure*, asserting that because of the COVID-19 pandemic, the mortgage was void and unenforceable at the time of the sale to Daka. *Id*.

Liberally construed, the Richardsons assert claims for: (1) quiet title (ECF No. 10 at 27-28); (2) unjust enrichment (*id.* at 28-29); (3) fraud and violations of the Texas Deceptive Trade Practices—Consumer Protection Act ("DTPA") (*id.* at 30-31); and (4) violation of the Racketeer Influenced and Corrupt Organizations Act ("RICO") (*id*. at 22-24). They also claim that U. S. Bank did not have standing to foreclose on the Property. ECF No. 10 at 5, 8, 9, 11, 13, 16. Finally, the Richardsons seek damages (*id.* at 32, 33), injunctive relief (*id*. at 25-26), and declaratory relief (*id*. at 2, 31). In response to these allegations, U. S. Bank filed an Answer on February 22, 2022 (ECF No. 11) and the pending Motion on August 19, 2022. ECF No. 21.

## II.     LEGAL STANDARDS

Courts grant summary judgment if "there is no genuine dispute as to any material fact" and the movant "is entitled to judgment as a matter of law." *See* Fed. R. Civ. P. 56(a). "A material fact is one that might affect the outcome of the suit under governing law, and a fact issue is genuine if the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Renwick v. PNK Lake Charles, L.L.C.*, 901 F.3d 605, 611 (5th Cir. 2018) (cleaned up). The party seeking summary judgment "bears the initial responsibility of . . . identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which . . . demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (quoting Fed. R. Civ. P. 56). The movant "may meet its burden by simply 'pointing to an absence of evidence to support the nonmoving party's case.'" *Boudreaux v. Swift Transp. Co., Inc.*, 402 F.3d 536, 544 (5th Cir. 2005) (quoting *Armstrong v. Am. Home Shield Corp.*, 333 F.3d 566, 568 (5th Cir. 2003)).

If the movant presents a "properly supported motion for summary judgment, the burden shifts to the nonmovant to show with 'significant probative evidence' that there exists a genuine issue of material fact." *Hamilton v. Segue Software, Inc.*, 232 F.3d 473, 477 (5th Cir. 2000) (quoting *Conkling v. Turner*, 18 F.3d 1285, 1295 (5th Cir. 1994)). "The evidence of the non-movant "is to be believed, and all justifiable inferences are to be drawn in his favor." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). Nonetheless, the nonmovant may "not rest upon the allegations or denials contained in its pleadings." *Doe v. Dall. Indep. Sch. Dist.*, 220 F.3d 380, 383 (5th Cir. 2000).

### III.  ANALYSIS

####   A.  The Richardsons cannot quiet title because they did not present evidence of their interest in the Property that U. S. Bank's invalid or unenforceable claim affects.

The Richardsons argue that U. S. Bank wrongfully foreclosed on the Property, and they bring a claim to quiet title as a result. To assert a valid quiet title claim, the Richardsons must demonstrate: "(1) [that they have] an interest in a specific property; (2) [that their] title to the property is affected by a claim by the defendant; and (3) [that] the claim, although facially valid, is invalid or unenforceable." *Hurd v. BAC Home Loans Servicing*, *LP*, 880 F. Supp. 2d 747, 766 (N.D. Tex. 2012). The Richardsons, however, offer no summary judgment evidence that proves that they still have an interest in the Property. They also did not explicitly state how U.S. Bank's claim to the Property is invalid or unenforceable. To the contrary, U.S. Bank has repeatedly denied that it holds title to the Property or claims any title to it. ECF Nos. 21 at 20, 27 at 3.

The Richardsons do repeatedly mention "wrongful foreclosure" throughout their response to U. S. Bank's summary judgment argument regarding their quiet title claim. ECF No. 26 at 10. Courts must liberally construe the pleadings of a pro se party. *Johnson v. Atkins*, 999 F.2d 99, 100 (5th Cir. 1993). "[A] pro se complaint, however [un]artfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). Liberally construed, the response argues that the Richardsons have an interest in the Property because U.S. Bank wrongfully foreclosed on it.

To state a claim for wrongful foreclosure, the Richardsons must show: "(1) a defect in the foreclosure sale proceedings; (2) a grossly inadequate selling price; and (3) a causal connection between the defect and the grossly inadequate selling price." *Foster v. Deutsche Bank Nat'l Tr. Co.*, 848 F.3d 403, 406 (5th Cir. 2017) (citing *Sauceda v. GMAC Mortg. Corp.*, 268 S.W.3d 135,

139 (Tex. App.— Corpus Christi 2008, no pet.). The Richardsons have not offered any summary judgment evidence of a defect in the foreclosure proceedings. ECF No. 26 at 10-13. All they have put forth is a vague reference to alleged insurance payments in the aftermath of the 2008 financial crisis made to investors of mortgage-backed securities in a trust held by Bank of America. *Id*. at 11-12. U. S. Bank was a successor in interest to Bank of America as trustee for the Property. ECF No. 23-2 at 3. Apparently, the Richardsons are arguing that if Bank of America erred in its actions, then U. S. Bank must have too. However, the Richardsons have offered no evidence to prove any connection between the Bank of America payouts and U. S. Bank's foreclosing on the Property. U. S. Bank, conversely, has offered evidence establishing the validity of the sale, including several notices it issued to the Richardsons prior to the foreclosure as well as the Substitute Trustee's Deed. ECF Nos. 23-1 at 1, 23-5, 23-6, 23-7. Because the Richardsons have not offered evidence to counter U. S. Bank's proof of a valid sale, there is no fact question regarding the validity of the foreclosure proceedings.

Additionally, the Richardsons have not offered any evidence to prove that the price U. S. Bank obtained for the Property was grossly inadequate. Thus, they have not shown how a defect in U. S. Banks's foreclosure caused it to receive a grossly inadequate price for the Property at the foreclosure sale. Accordingly, the Richardsons have not raised a fact issue that U. S. Bank wrongfully foreclosed on the Property and are not entitled to quiet title due to wrongful foreclosure.

Moreover, even if the Richardsons had proven the elements of wrongful foreclosure as a basis to challenge U. S. Bank's foreclosure, they would not be entitled to quiet title to the Property. "Tender of whatever sum is owed on the mortgage debt is a condition precedent to the mortgagor's recovery of title … [following] a void foreclosure sale." *Carter v. PennyMac Loan Services, L.L.C.*, No. 22-20327, slip op. at 2 (5th Cir. Dec. 20, 2022), citing *Fillion v. David Silvers Co.*,

6

709 S.W.2d 240, 246 (Tex. App.—Houston [14th Dist.] 1986, writ ref'd n.r.e) (citing *Willoughby v. Jones*, 251 S.W.2d 508 (Tex. 1952)). As the Fifth Circuit further noted, "[t]he party asserting valid tender bears the burden of proving it." *Id.*, citing *Saravia v. Benson*, 433 S.W.3d 658, 663 (Tex. App.—Houston [1st Dist.] 2014, no pet.). The evidence here shows that, like the plaintiff in *Carter*, the Richardsons were delinquent in paying their mortgage at the time of U. S. Bank's foreclosure, and they have offered no summary judgment evidence to prove that they tendered the payments due prior to the foreclosure. Consequently, the Court could not set aside the foreclosure sale even had they proven the elements of wrongful foreclosure. *Id.* at 3, citing *Bauder v. Alegria*, 480 S.W.3d 92, 99 (Tex. App.—Houston [14th Dist.] 2015, no pet.).

**B.   The existence of a valid, written contract precludes the possibility of an unjust enrichment claim.**

The Richardsons also assert a claim for unjust enrichment. ECF No. 10 at 29. In Texas, unjust enrichment is based on quasi-contract and is unavailable when a valid, express contract governing the subject matter of the dispute exists. *Coghlan v. Wellcraft Marine Corp.*, 240 F.3d 449, 454 (5th Cir. 2001). A written Note and Deed of Trust govern the relationship between U. S. Bank and the Richardsons and controls the foreclosure issues in question. ECF Nos. 23-2, 23-3. Thus, U. S. Bank is entitled to summary judgment on the Richardsons' claim for unjust enrichment.

**C.   U. S. Bank is entitled to summary judgment on the Richardsons' fraud and DTPA claims.**

The Richardsons assert claims for fraud and violations of the DTPA, alleging that U. S. Bank fraudulently recovered its damages several times and therefore was unjustly enriched at their expense. ECF No. 10 at 30. They allege that U. S. Bank first recovered its full investment when it collected the proceeds of the Richardsons' mortgage insurance policy after the default. *Id*. They then assert that U. S. Bank also received settlements from third parties that should cover the amount

7

owing under mortgage, although it is unclear to which settlements they are referring. *Id*. Finally, they argue that U. S. Bank recovered its investment for the third time when it foreclosed. *Id*. The Richardsons argue that the foreclosure sale was, therefore, fraudulent because U. S. Bank had already been paid in full before it foreclosed on the Property. *Id*.

> **i.     The Richardsons have not established a fact issue regarding U. S. Bank's alleged fraudulent conduct.**

The Richardsons claim that U. S. Bank had a duty to disclose that it had been paid in full before foreclosing on the Property because it affirmatively represented an amount that was neither due nor owing and should have known that the amounts claimed were not due. *Id*. The Richardsons, thus, bring a claim for either intentional or negligent misrepresentation, although they do not specify which one. *Id*.

To show intentional misrepresentation, the Richardsons must present evidence of: "(1) a material misrepresentation that (2) the speaker knew to be false or made recklessly (3) with the intention to induce the plaintiffs' reliance, followed by (4) actual and justifiable reliance (5) causing injury." *Rio Grande Royalty Co., Inc. v. Energy Transfer Partners, L.P.*, 620 F.3d 465, 468 (5th Cir. 2010) (applying Texas law). The Richardsons have not provided any evidence to show that U. S. Bank affirmatively made any misrepresentations to them that it knew to be false with the intent of inducing the Richardsons' reliance. They merely reiterate conclusory statements that U. S. Bank profited from fraudulently foreclosing on the Property after the mortgage debt was paid in full. ECF No. 26 at 14. Therefore, the Richardsons have not established a fact issue for trial regarding U. S. Bank's alleged intentional misrepresentation.

The elements of negligent misrepresentation are: (1) a representation made by a defendant in the course of its business, or in a transaction in which it has a pecuniary interest; (2) the defendant supplies "false information" for the guidance of others in their business; (3) the

8

defendant did not exercise reasonable care or competence in obtaining or communicating the information; and (4) the plaintiff suffers pecuniary loss by justifiably relying on the representation. *First Nat. Bank of Durant v. Trans. Terra Corp. Int'l*, 142 F.3d 802, 809 (5th Cir. 1998) (citing *Fed. Land Bank Assoc. of Tyler v. Sloane*, 825 S.W.2d 439, 442 (Tex. 1991)). Here, the Richardsons have not demonstrated any "false information" that U. S. Bank gave them. ECF No. 26 at 14-15. Consequently, the Richardsons have not raised a fact issue on the negligent misrepresentation claim.

### ii. The Richardsons cannot recover under the DTPA because they are not consumers.

To recover under the DTPA, the Richardsons must demonstrate that "(1) [they are] a consumer, (2) the defendant engaged in false, misleading, or deceptive acts, and (3) these acts constituted a producing cause of the consumer's damages." *Doe v. Boys Clubs of Greater Dall., Inc.*, 907 S.W.2d 472, 478 (Tex. 1995) (citing Tex. Bus. & Com. Code Ann. § 17.50(a)(1)); *see also Marketic v. U.S. Bank Nat'l Ass'n*, 436 F. Supp. 2d 842, 854-55 (N.D. Tex. 2006). The Richardsons cannot maintain a DTPA claim against U. S. Bank because they are not "consumers" under the act.

The DTPA defines "consumer" as an individual "who seeks or acquires by purchase or lease, any goods or services." Tex. Bus. & Com. Code Ann. § 17.45(4) (2020). Generally, a pure loan transaction lies outside the DTPA because "money is neither a good nor service." *Walker v. FDIC*, 970 F.2d 114, 123 (5th Cir. 1992) (citing *Riverside Nat'l Bank v. Lewis*, 603 S.W.2d 169, 174-75 (Tex. 1980)). The Richardsons' DTPA claim does not arise from the purchase of a good or service, but a loan transaction. As a result, the Richardsons are not consumers under the DTPA, and U. S. Bank is entitled to summary judgment on this claim.

> **D.** **The Richardsons did not prove the necessary predicate acts to establish a RICO claim.**

While the Richardsons do not specifically plead a RICO claim against U. S. Bank, they do reference a violation of 18 U.S.C. Section 1962, the RICO Act, at length in their First Amended Complaint. ECF No. 10 at 22-24. However, the Richardsons have not offered any evidence to establish a RICO claim.

RICO creates a civil cause of action for "[a]ny person injured in his business or property by reason of a violation of section 1962." *Brown v. Protective Life Ins. Co.*, 353 F.3d 405, 407 (5th Cir.2003). "To state a civil RICO claim under any subsection in 18 U.S.C. § 1962, 'there must be: (1) a person who engages in (2) a pattern of racketeering activity (3) connected to the acquisition, establishment, conduct, or control of an enterprise.'" *Id*. The Richardsons assert that U. S. Bank is the entity engaged in racketeering.

A pattern of racketeering activity requires two or more predicate acts and a demonstration that the racketeering predicates are related to, amount to, or pose a threat of continued criminal activity. *St. Germain v. Howard*, 556 F.3d 261, 263 (5th Cir. 2009). The predicate acts can be either state or federal crimes, but they must be criminal acts. *Id*. The Richardsons allege the predicate acts of "mail and wire fraud." ECF No. 10 at 22. *See* 18 U.S.C. §§ 1341, 1343. To show a RICO violation for mail or wire fraud under § 1341 or § 1343, a plaintiff must establish three elements: (1) a scheme or artifice to defraud or to obtain money or property by means of false pretenses, representations, or promises; (2) a use of the interstate mails or wires for the purpose of executing the scheme; and (3) a specific intent to defraud either by [d]evising, participating in, or abetting the scheme. *Id*.; *United States v. Davis*, 752 F.2d 963, 970 (5th Cir.1985) (elements of mail fraud); *Smith v. Ayres*, 845 F.2d 1360, 1366 (5th Cir.1988) (elements of wire fraud).

The Richardsons do not raise a fact issue establishing a pattern of racketeering activity for two reasons. First, they offered no proof of two or more specific instances of these predicate acts that are related and amount to or pose a threat of continued criminal activity. ECF No. 10 at 22-24; ECF No. 26 at 15. Second, even if they had proven two or more acts with specificity, they did not produce any evidence to establish the underlying offense of mail or wire fraud. The Richardsons have not offered evidence of a scheme to obtain money or property through the use of interstate mails or wires with the specific intent to defraud. Their response to U. S. Banks's Motion simply states that there was a conspiracy between iMortgage and U. S. Bank because they had a servicing agreement and the agreement "is evidence of a conspiracy of the two working together to violate the rights of the Plaintiff and to violate the laws." ECF No. 26 at 15. The Richardsons, however, have not offered evidence of the agreement in question or how it constituted mail or wire fraud. In fact, not once in their Response do the Richardsons offer evidence of the required predicate acts. *Id*. Thus, they have not established a pattern of racketeering activity.

Finally, the Richardsons do not show how any act committed by U. S. Bank poses a threat of continued criminal activity by providing evidence of how the alleged violations relate to the acquisition, establishment, conduct, or control of an enterprise. *Id*. Therefore, they not offered evidence of a RICO violation, and U. S. Bank is entitled to summary judgment on this claim.

### E. U. S. Bank had the authority to foreclose on the Property and did so properly.

The Richardsons also argue throughout the First Amended Complaint that U. S. Bank did not have standing to foreclose on the Property, and therefore the sale was invalid. *See generally* ECF No. 10 at 5, 8, 9, 11, 13, 16. U. S. Bank responds that it was the holder of the Note at all times material to the foreclosure and therefore had the ability to foreclose on the Property. ECF No. 21 at 18; ECF No. 23-7.

11

As noted above, U. S. Bank was appointed substitute trustee, which conferred on it all title, powers, and duties of the original trustee. ECF No. 23-2 at 3; Tex. Prop. Code § 51.0075(c). The Richardsons have not introduced any evidence to call into question the validity of the appointment of U. S. Bank as substitute trustee to conduct the foreclosure. Thus, because U. S. Bank was validly acting as substitute trustee during the foreclosure process, it had the right to foreclose on the Property. Tex. Prop. Code § 51.0001(7).

Additionally, completed foreclosures in Texas are subject to the presumption "that all prerequisites to the sale have been performed and that provisions for waiver of notice are valid." *Falk v. Wells Fargo Bank*, No. 3:09-CV-678-B, 2011 WL 3702666, at *6 (N.D. Tex. Aug. 19, 2011) (citing *Deposit Ins. Bridge Bank, N.A., Dallas v. McQueen*, 804 S.W.2d 264, 266 (Tex. App.—Houston [1st Dist.] 1991, no pet.). U.S. Bank has offered evidence of the Substitute Trustee's Deed that complied with the conditions of the Deed of Trust (ECF No. 23-7), which, under Texas law, constitutes prima facie evidence that the foreclosure sale was valid. *Houston First Am. Sav. v. Musick*, 650 S.W.2d 764, 767 (Tex. 1983). The Richardsons have not offered evidence to rebut the presumption of validity as to any of the provisions of the Substitute Trustee Deed, or provided any evidence that the Trustee's Deed itself was invalid. Therefore, U. S. Bank had the authority to foreclose on the Property, did so properly, and is entitled to summary judgment on this point.

**F.     The Richardsons are not entitled to damages.**

The Richardsons ask for twelve million dollars in compensatory damages and thirty-six million dollars for exemplary damages. ECF No. 10 at 33. They assert that they have lost their homestead through fraudulent means and, therefore, experienced severe emotional distress, trauma, upset, anger, grief, loss of sleep, and the loss of their home. ECF No. 26 at 20. U. S. Bank

argues in response that the Richardsons have not offered any evidence of damages. ECF No. 22 at 19. It also argues that the Richardsons cannot prove any damages from any recognizable cause of action after having lived in the Property for over nine years without making any mortgage payments. *Id.* Because U. S. Bank is entitled to summary judgment on the Richardsons' claims as a matter of law, the Richardsons cannot recover damages. And even if they had offered a viable claim upon which they could recover, the Richardsons have not offered any summary judgment evidence in support of their purported damages. *Id*. U. S. Bank is entitled to summary judgment on their claim for damages.

> **G.     The Richardsons request for injunctive relief should be dismissed with the underlying cause of action.**

"[A]n injunction is a remedy that must be supported by an underlying cause of action . . ." *Crook v. Galaviz*, 616 F. App'x 747, 753 (5th Cir. 2015) (per curiam). Because U. S. Bank is entitled to summary judgment on each of the Richardsons' claims, no underlying cause of action remains to support a claim for injunctive relief. Consequently, Judge O'Connor also should dismiss the Richardson's claims for injunctive relief.

> **H.     The Richardsons are not entitled to declaratory relief because there is no justiciable controversy.**

Finally, the Richardsons seek declaratory relief against U. S. Bank. ECF No. 10 at 2, 31. When a declaratory judgment action is filed in state court and is subsequently removed to federal court, it is converted to one brought under the federal Declaratory Judgment Act, 28 U.S.C. §§ 2201, 2202; *Hurd v. BAC Home Loans Servicing*, *LP*, 880 F. Supp. 2d 747, 769 (N.D. Tex. 2012). The Declaratory Judgment Act is a procedural device that creates no substantive rights and requires the existence of a justiciable controversy. *Aetna Life Ins. Co. v. Haworth*, 300 U.S. 227, 239–41 (1937). In a declaratory judgment action, "[b]ased on the facts alleged, there must be a substantial

and continuing controversy between two adverse parties." *Bauer v. Texas*, 341 F.3d 352, 358 (5th Cir.2003). Because the Richardsons have not produced any evidence of a legally viable claim against U. S. Bank, there is no justiciable controversy that warrants declaratory relief, and Judge O'Connor should deny the Richardson's request.

## IV. CONCLUSION

Review of the summary judgment record confirms that U. S. Bank is entitled to summary judgment, as no genuine dispute of material fact remains in this case for trial, and it is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(a). Accordingly, the undersigned **RECOMMENDS** that Judge O'Connor **GRANT** U. S. Bank's Motion (ECF No. 21) and **ENTER SUMMARY JUDGMENT** that the Richardsons' claims against the Defendant be **DISMISSED with prejudice**.

**SIGNED** on December 22, 2022.

_____
Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE